# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| SHANGHAI COMMERCIAL BANK LIMITED, a banking corporation organized and existing under the Laws of Hong Kong Special Administrative Region, the People's Republic of China, | ) ) ) ) ) ) ) | No. 70526-1-I |
| Respondent, | ) ) | |
| v. | ) ) | |
| KUNG DA CHANG and JANE DOE CHANG, husband and wife and the marital community comprised thereof, | ) ) ) ) | UNPUBLISHED OPINION FILED: August 25, 2014 |
| Appellants. | ) ) ) | |

VERELLEN, A.C.J. — This appeal arises from the decision of the King County Superior Court granting recognition and enforcement of a foreign judgment entered by a Hong Kong trial court. Kung Da Chang fails to demonstrate that he was deprived of due process by either the Hong Kong judicial system generally or the rendering court specifically, that the judgment is repugnant to state or federal public policies, or that the judgment was rendered under circumstances raising doubts about the integrity of the rendering court. Chang fails to establish that the foreign judgment sought to be enforced was affected by a security-for-costs order issued in a separate action. The King County Superior Court correctly determined that the foreign judgment is valid and enforceable. We affirm.

## FACTS

In Shanghai Commercial Bank Limited v. Chang Kung Da, HCA 806/2009 (Action 806), Shanghai Commercial Bank (SCB) sought to collect on an unpaid revolving multi-currency loan that Chang obtained in March 2008 in order to facilitate the transfer of investments from the Bank of East Asia (BEA) to SCB. Chang counterclaimed against SCB, raising fraud and securities claims. Chang did not appear at trial for Action 806, but the trial court considered evidence submitted by the parties, including pleadings and witness statements. In June 2011, the Hong Kong trial court entered judgment against Chang, which totaled almost USD$9 million, exclusive of interest. Chang did not appeal.

In a parallel action before the Hong Kong trial court, Zhang Zhatzewal, also known as Chang Chih Hwa, Clark, and Chang Kung Da v. Shanghai Commercial Bank Limited and The Bank of East Asia, Limited, HCA 1996/2009 (Action 1996), Chang and his father, Clark Chang, as plaintiffs, asserted fraud and securities claims against SCB and BEA based on the Changs' multimillion dollar investment losses. The claims in Action 1996 are substantially similar to Chang's counterclaims in Action 806.

Prior to the resolution of these separate actions, SCB and BEA applied for security for their costs in Action 1996. The Hong Kong rules of civil procedure allow a defendant in any action to petition the court to order a nonresident plaintiff to post security for the possible costs of the litigation. Such a bond secures against a nonresident plaintiff avoiding payment of a winning defendant's attorney fees and other costs in the event that the nonresident plaintiff loses the lawsuit. The applications for

costs in Action 1996 were heard over two days.[1] In determining whether to order security against the Changs, the Hong Kong court considered a variety of factors established by Hong Kong case law, including whether imposing security would stifle the plaintiffs' access to the courts. In May 2011, the Hong Kong trial court ordered the Changs to provide security for Action 1996 in the amounts of HKD$3 million[2] to secure SCB's potential costs and HKD$3.5 million to secure BEA's possible costs. Despite being warned of the consequences, the Changs failed to post the required security. As a result, the Hong Kong court dismissed the Changs' claims in Action 1996 in June 2011. Shortly thereafter, the court awarded judgment against the Changs on counterclaims asserted by SCB in Action 1996. The Changs did not appeal.

In June 2012, SCB filed a petition, pursuant to Washington's Uniform Foreign-Country Money Judgments Recognition Act (UFMJRA), chapter 6.40A RCW, in King County Superior Court seeking recognition and enforcement of the Hong Kong judgment rendered in Action 806. In King County Superior Court, Chang argued that the security for costs ordered in Action 1996 rendered the Action 806 judgment unrecognizable in Washington. Upon SCB's motion for partial summary judgment, the trial court concluded that the Action 806 judgment was recognizable and enforceable, granted partial summary judgment in favor of SCB, and entered final judgment against Chang for approximately USD$11.7 million.

Chang appeals.

---

[1] The petition for costs in Action 1996 was heard together with a petition for costs in HCA 805/2009, a third lawsuit to which Chang was not a party.

[2] This amount, HKD$3 million, equals approximately USD$387,000.

DECISION

Chang contends that the trial court improperly granted partial summary judgment in favor of SCB. We disagree.

We review the trial court's summary judgment decision de novo.[3] Summary judgment is proper if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law.[4] All reasonable inferences from the evidence must be drawn in favor of the nonmoving party.[5]

The UFMJRA provides that Washington courts "shall recognize a foreign-country judgment" for money damages that is "final, conclusive, and enforceable" where rendered,[6] unless one or more of the mandatory or discretionary grounds for non-recognition applies.[7] Chang does not argue that the foreign judgment here was not final, conclusive, or enforceable. Instead, he argues that four exceptions render the judgment unrecognizable.

First, a Washington court is prohibited from recognizing a foreign judgment if it was "rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process."[8] Second, even where the court may not have found the foreign judicial system to be defective as a whole,[9] a

---

[3] Lakey v. Puget Sound Energy, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).

[4] Id.

[5] Id.

[6] RCW 6.40A.020(1).

[7] RCW 6.40A.030.

[8] RCW 6.40A.030(2)(a).

[9] See 2005 Recognition Act § 4(c)(7), cmt. 11.

4

tribunal-specific due process concern grants Washington courts discretion to deny recognition if "[t]he specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law."[10] Third, a Washington court "need not recognize a foreign-country judgment if . . . [t]he judgment or the cause of action or claim for relief on which the judgment is based is repugnant to the public policy of [Washington] or of the United States."[11] Fourth, a Washington court is "not required to recognize a foreign-country judgment if . . . [t]he judgment was rendered in circumstances that raise a substantial doubt about the integrity of the rendering court with respect to the judgment."[12]

Chang fails to establish that any of these grounds for non-recognition apply in this case. Chang conflates Action 806 and Action 1996 and analyzes each of the exceptions by considering the Action 1996 security-for-costs order rather than the Action 806 judgment. Chang asserts that, in evaluating the proceedings in Action 806, we should consider the effect of the security-for-costs order in Action 1996 because "HCA 806 and HCA 1996 were essentially one and the same matter" and "any ruling in one matter should be considered by the Court to be a ruling in the other matter."[13] All of Chang's arguments for non-recognition of the Action 806 judgment stem from this premise.[14] But Chang provides no authority for this proposition, and we find no reason

---

[10] RCW 6.40A.030(3)(h).

[11] RCW 6.40A.030(3)(c).

[12] RCW 6.40A.030(3)(g).

[13] Appellant's Br. at 18.

[14] For example, Chang argues that Hong Kong's security-for-costs procedures deprive plaintiffs of access to the courts and discriminate against nonresidents.

to make such an assumption in this case. Although a parallel proceeding, Action 1996 was a separate cause of action from Action 806.

Nevertheless, Chang asserts that material questions of fact remain regarding whether the Action 1996 security-for-costs order effectively prevented him from litigating Action 806. But even accepting Chang's factual allegations as true, he did not demonstrate that the security-for-costs order in Action 1996 actually prevented him from defending against SCB's claims in Action 806. Even if, as Chang alleges, he could not appear personally for fear that he would be imprisoned or ordered to remain in Hong Kong indefinitely, Chang does not establish that he could not continue to appear in Action 806 through counsel or that he could not submit evidence, such as witness affidavits, from outside of Hong Kong. Moreover, the issues Chang raises regarding the effect of the security-for-costs order on Action 806 should have been addressed to the Hong Kong court ordering Chang to provide security when that foreign court considered whether such an order would stifle Chang's access to the courts. For these reasons, Chang's arguments regarding the impact of the security-for-costs order are unavailing.

Moreover, even accepting Chang's premise that the Action 1996 security-for-costs order impacted Action 806, Chang does not establish that the judgment in Action 806 should not be recognized under any of the four exceptions he relies upon.

As to the mandatory exception under RCW 6.40A.030(2)(a) and the discretionary exception under RCW 6.40A.030(3)(h), Chang points to no authority holding that a security-for-costs mechanism is incompatible with due process or other constitutional standards. He argues that the security-for-costs mechanism implicates equal protection and privileges and immunities concerns by restricting nonresident plaintiff's access to

the courts. But he cites no court decision that has rejected a security-for-costs mechanism on such a theory. Chang also argues that he had no meaningful opportunity to be heard, but the hearing on the security-for-cost matter lasted for two days, and it appears that the limited materials he submitted were considered by the Hong Kong court. Chang had the opportunity to present evidence to the Hong Kong court demonstrating that he was not financially able to provide the requested security, but he did not do so. Chang also had the opportunity to appeal the security-for-costs order, and for that matter the judgment rendered in Action 806, but he did not appeal either judgment. Even after his claims were dismissed in Action 1996, Chang was given the right to be heard and to be represented in Action 806, although he chose not to exercise those rights. There is no indication that Chang was deprived of due process.

As to the exception under RCW 6.40A.030(3)(c), the security that the Hong Kong court ordered Chang to provide is not repugnant to Washington law, as the security-for-costs mechanism in Hong Kong is substantially similar to the Washington procedure under RCW 4.84.210.[15] Although Chang vaguely asserts that Washington's security-for-costs statute may be "ripe" for a constitutional challenge, he provides no analysis or persuasive authority in support of this assertion.

As to the exception under RCW 6.40A.030(3)(g), Chang fails to establish that the security-for-costs order raises any doubt about the integrity of the Hong Kong court. He contends that the Hong Kong court gave undue deference to the interests of the banks.

---

[15] See, e.g., White Coral Corp. v. Geyser Giant Clam Farms, LLC, 145 Wn. App. 862, 867-69, 189 P.3d 205 (2008) (affirming trial court's dismissal of action upon failure of foreign plaintiff to post $125,000 security for costs for defendant's prospective attorney fees).

But, rather than demonstrating impartiality, the Hong Kong court's passing reference to the bank's concern with its reputation was merely part of the court's observation that both parties were likely to incur significant attorney fees in Action 1996 because they had a lot at stake.

Chang's arguments are not persuasive. We affirm the King County Superior Court's determination that the Hong Kong judgment in Action 806 is recognizable and enforceable.

_____
Cox, J.

WE CONCUR:

_____
Leach, J.

2014 AUG 25 AM 9:01
COURT OF APPEALS DIV 1
STATE OF WASHINGTON